Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
910 Main St. Suite 358C
Boise, ID 83702
P: 314-322-7639
F: 208-429-8233
Email: barkley@barkleysmithlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| AARON KREPS,<br><br>          Plaintiff,<br>vs.<br><br>EQUIFAX, INC.<br>          Defendant. | Case No. 16-CV-180<br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Aaron Kreps, by and through her counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and allege his causes of action against Defendant as follows:

**INTRODUCTION**

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act) and for the common law tort of defamation.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681(p).

3. Venue is proper in this district under 15 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person currently residing in Ada County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

6. Equifax, Inc. is a corporation incorporated under the laws of the State of Georgia and has a designated registered agent: Prentice-Hall Corporation Systems, 12550 W Explorer Dr. STE 100, Boise, ID 83713.

7. Equifax, Inc. is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681(d), to third parties. Equifax, Inc. is a "consumer reporting agency", as defined by 15 U.S.C. § 1681f.

## GENERAL ALLEGATIONS

8. In November 2010, Plaintiff filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. His petition was granted and Plaintiff received an Order of Discharge pursuant to Chapter 7 of the United Bankruptcy Code in March 2011.

9. While seeking financing, Plaintiff was notified Equifax was reporting derogatory information in relation to a Bank of America account which was included in Plaintiff's bankruptcy.

10. Plaintiff reviewed said credit report and discovered Equifax was reporting his account with Bank of America which was included in Plaintiff's 2010 bankruptcy as "90+ days late".

11. This representation was false and this account should not have included any negative remarks because the account was included in Plaintiff's 2010 Bankruptcy.

12. Further, Equifax incorrectly listed Plaintiff's Bankruptcy under the "Public Record" section of Plaintiff's credit report.

13. Plaintiff sent at least 10 disputes in accordance with 16 U.S.C. 1681i since July of 2014 to Equifax expecting the appropriate corrections to be made to Plaintiffs' credit report.

14. Equifax replied to Plaintiff's disputes stating the information being reported is correct.

15. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the information provided by the Plaintiff.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

16. Plaintiff re-allege and incorporates by reference all of the above paragraphs.

17. Equifax, Inc. violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

18. As a result of this conduct, action and inaction of Equifax, Inc., the Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

19. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

**SECOND CLAIM FOR RELIEF AGAINST EQUIFAX**

20. Plaintiff's re-allege and incorporates paragraphs 1-17 above as fully set out herein.

21. Equifax violated 15 U.S.C. § 1681i on multiple occasions by:

    a. Failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies from Plaintiffs;

    b. By failing to conduct a lawful reinvestigation;

    c. By failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file;

    d. By relying upon verification from a source it has reason to know or should have known is unreliable.

22. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

23. Equifax's conduct, action and inaction was willful, rendering it liable for actual and/or statutory damages and punitive damages in an amount to be determined by the trier of fact pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant on Plaintiff's Claims for Relief for willful and/or negligent violations of the FCRA as follows:

   A. Judgment that Defendant's conduct listed in First and/or Second Claim of Action violated the FCRA;

B. Actual damages in an amount which will be determined by a jury;

C. Statutory damages as determined by the court pursuant to 15 U.S.C. § 1681n;

D. Punitive damages in an amount which will be determined by a jury pursuant to 15 U.S.C. §1681n;

E. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a);

F. Injunctive relief from further violations.

Respectfully submitted by,

/s/ Barkley B. Smith

BARKLEY B. SMITH
Barkley Smith Law, PLLC